Filed 4/4/25  P. v. Decious CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337701 |
| Plaintiff and Respondent, | Los Angeles County Superior Court No. |
| v. | VA159733 |
| BRITTNI MICHELE DECIOUS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria Andrea Davalos, Judge.  Affirmed with corrections.

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In March 2022, Austin Harding's key would not open the lock to his storage unit in Whittier. When he finally got in, he found items worth more than $50,000 were gone. An information later charged Brittni Michele Decious with second degree burglary.

At a bench trial, Harding testified about discovering and reporting the loss and about his missing items.

The property manager checked the facility's computer system and discovered a silent alarm had gone off on January 23, 2022, which meant someone had opened Harding's unit that evening without the required unique entry code. The manager believed she checked the unit the next day and found the lock intact.

The manager later discovered only one other tenant had accessed the facility around the time of the alarm—Decious—and this tenant had rented her unit the day before.

The manager and Harding watched surveillance video from the night of the alarm. The video showed Decious handling Harding's clear plastic storage bins, his safe, and a lock that looked like the one Harding had on his unit. It showed two men with face masks transporting the bins and baggage on a cart to a car. Decious helped load the items into the trunk. Harding identified the containers as his property and described what they contained.

Harding also identified one of the men in the videos as his friend Chris Uvalle. Decious was Uvalle's girlfriend. Harding had known both of them for many years.

Harding had taken Uvalle to his storage unit once in 2019 but did not give him—or anyone—his code or key. He had not visited the unit since September 2021.

A detective who viewed the surveillance video tied a distinctive shirt worn by one of the male suspects to the shirt Uvalle wore when interviewed about the burglary. Using the videos, the detective confirmed Decious was at the scene.

The court found Decious guilty of second degree burglary, sentenced her to the low term of sixteen months in county jail, and imposed various fines and fees.

Decious's appellate counsel filed an opening brief raising no issues and asking this court to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also advised Decious of her right to file a supplemental brief for us to consider. Decious did not file a response.

We have examined the entire appellate record. We note the abstract of judgment erroneously shows Decious's conviction resulted from a plea.

We otherwise are satisfied counsel fully complied with her responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

We direct the trial court to prepare an amended abstract of judgment reflecting the court convicted Decious. We otherwise affirm the judgment.


WILEY, J.


We concur:



GRIMES, Acting P. J.          VIRAMONTES, J.


3